## OHIO vs. SHANKS.

### INDICTMENT FOR SELLING WHISKEY WITHOUT LICENSE.

A single instance of selling spiritous liquor, without license, is a retailing within the statute.

Newly recollected is not newly discovered evidence, on which a new trial can be granted.

A new trial will not be granted, on the discovery of evidence going only to impeach the credit of a witness, when the party had examined witnesses on the trial to that point and had failed in discrediting him.

It is not a good exception in arrest of judgment, that an indictment does not state that the court at which it was found was holden at the seat of justice.

The word *unlawfully* in an indictment for retailing without license, not necessary to be used.

Improper and unnecessary words in an indictment may be rejected as surplusage, where the offence is otherwise sufficiently charged.

### INDICTMENT.

" *State of Ohio,* ⎱ ss.     Court of common pleas, July term,
*Tuscarawas County,* ⎰     eighteen hundred and fifteen.

The grand jurors of the state of Ohio, in and for the body of the
county of Tuscarawas, in the name and by the authority of the said
state aforesaid, on their oaths and solemn affirmations do present and
find, that William Shanks, of One Leg township, in the county aforesaid,
on the tenth day of April, in the year of our Lord one thousand eight
hundred and fifteen, at One Leg township, in said county, with force
and arms did retail and sell spiritous liqurors, by the less quantity than
the quart, namely one half-pint of whiskey, for money, to Michael
Smith, without having previously obtained license or permit therefor,
against the form of the statute in such case made and provided, and
against the peace and dignity of the said state of Ohio.

WRIGHT WARNER, Prosecuting Attorney."

TUSCARAWAS,
June, 1816.

Ohio
*v.*
Shanks.

PLEA.—Not guilty.

RAYMOND, for the state.

WRIGHT, for the traverser, moved the court to charge the jury that a single sale and delivery, would not subject a person to the penalties of the law, as no person can be said to retail by a single sale.

PRESIDENT.—The third section of the act for granting licenses, &c. enacts, that "no person shall be permitted to keep a tavern, or sell, barter, or deliver, for money or other articles of value, any wine, rum, brandy, whiskey, spirits, or strong drink, by less quantity than one quart, (beer and cider excepted) unless the person shall have first obtained a license," &c. The 8th section enacts, that "if any person shall retail any liquor or strong drink (cider and beer excepted) without having first obtained a license," &c., he shall forfeit and pay, &c. The meaning of the word retail, in the 8th section, is given in the 3rd section ; so that the selling of any whiskey by less quantity than one quart, for money or other articles of value, is an offence against the statute, although there be but a single instance of such sale.—Verdict Guilty.

### MOTION FOR A NEW TRIAL.

"The defendant, by his counsel, moves the court here, that judgment may be stayed on the verdict of the jury, and that a new trial may be granted on account of the discovery of new and material testimony, since the trial of the case.

J. C. WRIGHT, Att'y for defendant."

AFFIDAVIT.—" William Shanks, the defendant, being sworn, deposeth and saith, that since the trial of his cause he has discovered that he can prove, by William Shepherd, Esq., facts material to him on the determination of this cause, to evince his innocence, the knowledge of which he was not possessed of at the time of the trial." Sworn, &c.

PRESIDENT.—All applications for new trial, on the ground of having discovered new and material evidence, must be accompanied by affidavit or statement of counsel, informing the court what such newly discovered evidence is, that the court may be enabled to judge of its materaility.

WRIGHT.—I was not aware that such statement would be required, or it would have been made. If the court will permit me, I will state the facts we can prove by Mr. Shepherd.

PRESIDENT.—In this case we will dispense with a written statement, to save time.

TUSCARAWAS.<br>June, 1816.<br><br>Ohio<br>v.<br>Shanks.

WRIGHT.—We can prove by Shepherd, that on the trial between Smith and Shanks before him, Smith made an account of the pint and half-pint of whiskey, and claimed that he had received it as part of 16 gallons due to him from Shanks by contract.

PRESIDENT.—Smith was the principal witness for the state, he swore that he purchased the whiskey of the traverser, at his still house and paid him the money for it. The whole of the defense consisted in an attempt to impeach Smith's veracity; to this end, a number of witnesses have been examined. All that passed on the trial before Shepherd, between Smith and Shanks, so far as the parties thought proper to enquire, went to the jury, and they have believed Smith's testimony.

It appears to me that this cannot, with propriety, be called newly discovered evidence. Shanks was one of the parties to the suit before Shepherd, and present at the trial. It cannot well be, but he must have known what Smith claimed of him, and what credits he was willing to give him. Shepherd was here in court, when this cause was on trial, and might have been called to prove every circumstance of the trial before him. It seems to be rather a recollection than a new discovery. If Shepherd had been examined, and had testified as you suppose he would, it could only go to Smith's credit. I am inclined to think that the court ought never to grant a now trial, on the discovery of new evidence, when that evidence goes only to impeach the credit of a witness; where, as in this case, the party examined witnesses with that intent, and rested his defense on having proven that no credit was due to Smith, an additional circumstance, tending the same way, is not sufficient to warrant us in granting a new trial.——New trial refused.

## MOTION IN ARREST.

" And now the said William, prays the judgment in this case, may be stayed and arrested, because the indictment is uncertain and insufficient, in this:

1st.    That it does not show the time when, and the place where, the court was held, to whom the indictment was returned.

2d.    That the offense is not alleged to be an unlawful act.

3d.    That there is no express allegation of the selling of any quantity of liquor whatever.

TUSCARAWAS.
June, 1816.

Ohio
*v.*
Shanks.

PRESIDENT.—In England, great strictness has, at all times, been observed in every part of an indictment; so much so, that Sir Mathew Hale complains "that this strictness has grown to be a blemish and inconvenience in the law and the administration thereof; for that more offenders escape, by the over easy ear given to exceptions in indictments, than by their own innocence." In that country, until a little more than a century ago, men charged with crimes were not allowed to have witnesses sworn in their defense, nor counsel to plead their causes to the jury. From this inhuman and savage mode of trial, sprung that principle of English law, that the court were counsel for the prisoner, introduced by the humanity of judges to soften and alleviate an evil they had no power to remedy. The same humane feelings, struggling to mitigate the evils of a barbarous system, induced them to observe that strictness, and was, at the same time, their apology for lending that over easy ear to exceptions which Hale reprobates. The maxims of English law, their judicial decisions, where they stand upon sound reason, and are applicable to our principles of government, state of society, and mode of trial, are of authority in all our courts.

I have heard no reason urged, nor can I discern any, why we should sanction nice exceptions to the form of indictments, where the charge is distinctly and substantially laid, and a jury of the country, upon a full and fair trial, have found the person charged guilty; and until some sound reason can be urged for it, I am not inclined to lend an " over easy ear" to such exceptions.

The first exception to this indictment is: " that it does not shew the time when, and the place where, the court was held," &c. It appears that the indictment was found in Tuscarawas county, at the July term of the court of common pleas, in the year 1815; the day of the month on which the term commences is fixed by law, and this court is bound to take notice of it; by law, also, the courts must be holden at the seat of justice in each county; they cannot be holden elsewhere. When, then, it is said that a court of common pleas is holden in Tuscarawas county, it is in effect, and with convenient certainty, said, that such court is holden at the seat of justice in such county.

The next exception is, that the word *unlawfully* is not inserted in the indictment.

It is not necessary, in an indictment of this kind, to insert the *word* unlawfully. The words, " without having previously obtained a license

or permit therefor," sufficiently charge the retailing as being an unlawful act.

The third and last exception might occasion more doubt, were it not that " although some words in an indictment are insignificant or improper, yet if others which are proper are also used, the court will not quash the indictment, but will reject the former as surplusage." 1st East's Crown Law, 110.   If, then, we reject as surplusage, the words "spiritous liquors by the less quantity than the quart, namely," as I think we may and ought, the indictment will be sufficiently explicit.   This indictment is very clumsily drawn, but it is not bad enough to require that judgment should be arrested. —Motion overruled.